# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| IN RE ZACHARY B. COUGHLIN, | ) | Case No.: 2:15-ms-00066-GMN |
| Attorney at Las, | ) | Admin. Case No. AD-2015-0009 |
| Nevada State Bar No. 9473 | ) | |
| | ) | **ORDER** |
| | ) | |
| _____ | ) | |

On August 4, 2015, this Court entered an Order to Show Cause (ECF No. 1) suspending Zachery B. Coughlin ("Coughlin") from the practice of law within this Court in light of an order filed in the Supreme Court of the State of Nevada on June 18, 2015 transferring Coughlin to disability inactive status.  Coughlin filed a Response to the Order to Show Cause (ECF No. 2).  The Court then held a hearing on the Order to Show Cause on September 14, 2015 at which Coughlin presented additional information and arguments for why he should be permitted to continue practicing in federal court. (Min. of Hearing, ECF No. 6).  The Court then took the issue under submission.

Though federal courts often impose reciprocal discipline on members of their bar who are disciplined in another jurisdiction, "a state court's disciplinary action is not conclusively binding on federal courts." *In re Kramer*, 193 F.3d 1131, 1132 (9th Cir. 1999) (citing *Theard v. United States*, 354 U.S. 278, 281–82 (1957) ("The short of it is that disbarment by federal courts does not automatically flow from disbarment by state courts.")).  As explained by the Ninth Circuit, "a federal court [can] impose reciprocal discipline on a member of its bar based on a state's disciplinary adjudication, if an independent review of the record reveals: (1) no deprivation of due process; (2) sufficient proof of misconduct; and (3) no grave injustice would result from the imposition of such discipline." *Id.*  "Thus, while federal courts generally lack subject matter jurisdiction to review the state court decisions, a federal court may 'examine a state court disciplinary proceeding if the state court's order is offered as the basis for

suspending or disbarring an attorney from practice before a federal court.'" *Id.* at 1132–33 (quoting *MacKay v. Nesbett*, 412 F.2d 846, 847 (9th Cir. 1969)) (citations omitted).

In this case, the Court does not find sufficient evidence in the record to show that Coughlin was accorded sufficient due process by the state court. *See Burleigh v. State Bar of Nevada*, 643 P.2d 1201, 1204 (Nev. 1982) ("A state cannot exclude a person from the practice of law without due process of law . . . ."). Specifically, there is no evidence that Coughlin was ever granted an opportunity for a hearing—either before or immediately after being declared disabled—in front of the state court or the state disciplinary board on the petition to place him on disability inactive status as is required for constitutional due process. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985) ("An essential principle of due process is that a deprivation of life, liberty, or property be preceded by notice and opportunity for hearing appropriate to the nature of the case."); *see also Barry v. Barchi*, 443 U.S. 55, 64 (1979) (finding that in some situations, a state may impose a suspension without a prior hearing so long as a prompt hearing is held soon after the suspension); *Burleigh*, 643 P.2d at 1204 (finding the same in the context of attorney discipline). Therefore, this Court cannot rely on the order of the state court declaring him disabled in imposing reciprocal discipline.

**IT IS HEREBY ORDERED** that the Show Cause Order is satisfied and Coughlin is reinstated to practice before this Court.

**DATED** this __24__ day of September, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Judge